UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| ALEX RIEMENAPP, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY and JOHN DOES 1-10,<br><br>Defendant. | Case No. 3:23-cv-00670 |

## CLASS ACTION COMPLAINT

**NOW COMES** ALEX RIEMENAPP ("Plaintiff"), individually, and behalf of all others similarly situated, by and through his undersigned counsel, complaining of ALLSTATE RIEMANAPP and JOHN DOES 1-10 ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

6.     Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Montfort, Wisconsin.

7.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) as he is an individual.

8.     Defendant is a prominent insurance provider that offers various insurance products to consumers nationwide.

9.     Defendant maintains its principal place of business in Northbrook, Illinois.

10.    Defendant is a "person" as defined by 47 U.S.C. § 153(39) as it is a corporation.

11.    JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to individuals on Defendant's behalf.

12.    At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents JOHN DOES 1-10.

## FACUTAL ALLEGATIONS

13.    Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

14. Upon information and belief, Defendant utilizes third-party vendors (John Does 1-10) to market its insurance products.

15. Upon information and belief, Defendant's vendors are essential to the success of its telemarketing campaigns.

16. Upon information and belief, Defendant's ability to market its services and products significantly depends on its access to high-quality vendors.

17. Defendant is subject to liability under the TCPA for actions of its third-party vendors who engage in outbound telemarketing efforts on Defendant's behalf.

18. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 8599.

19. At all times relevant, Plaintiff's number ending in 8599 was assigned to a cellular telephone service.

20. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

21. In early 2022, Plaintiff visited Defendant's website as he was on the market for insurance products.

22. At no point in time did Plaintiff enter into a contract with Defendant or otherwise purchase any of Defendant's insurance products.

23. Plaintiff's relationship with Defendant was limited to Plaintiff visiting Defendant's website.

24. At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to receiving solicitation calls from Defendant.

25. In the Fall of 2022, Defendant began placing solicitation calls to Plaintiff's cellular phone in an effort to market Defendant's insurance products to Plaintiff.

26. In November 2022, fed up with the solicitation calls, Plaintiff answered one of Defendant's calls and requested that Defendant cease its solicitation calls.

27. Plaintiff's request fell on deaf ears and Defendant continued placing solicitation calls to Plaintiff's cellular phone.

28. On or about November 29, 2022, infuriated with Defendant's invasive solicitation calls, Plaintiff registered his cellular phone number on the National Do-Not-Call Registry in an effort to compel Defendant to cease its solicitation calls.

29. Remarkably, Defendant continued placing solicitation calls to Plaintiff's cellular phone after he registered it on the National Do-Not-Call Registry.

30. In total, Defendant placed no less than thirty (30) solicitation calls to Plaintiff's cellular phone number after he placed his cellular phone number on the National Do-Not-Call Registry in November 2022, including calls from the phone number (847) 983-1185.

## DAMAGES

31. Plaintiff values his time, privacy, and solitude.

32. Defendant's unlawful marketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, annoyance, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

33. Concerned with Defendant's invasive marketing practices, Plaintiff retained counsel to vindicate his rights.

## CLASS ALLEGATIONS

34. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market Defendant's products; (5) without the individual's prior express written consent; (6) within the four years preceding the date of the original complaint through the date of class certification.

36. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.    Numerosity

37. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

38. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

39. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

40. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

### B. Commonality and Predominance

41. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

42. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

43. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful telemarketing practices.

### D. Superiority and Manageability

44. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

46. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

### E. Adequate Representation

48. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

49. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

50. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Do-Not-Call Registry Class)

51. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC,* 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

53. Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed no less than thirty (30) solicitation calls to Plaintiff's cellular phone number while it was registered on the National Do-Not-Call Registry, without Plaintiff's consent.

54. As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

7

55. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Putative Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each violating call; and

G. any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 29, 2023                                    Respectfully submitted,

                                                            */s/ Mohammed O. Badwan*
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*