UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| ALEX RIEMENAPP, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY and JOHN DOES 1-10,<br><br>Defendants. | Case No. 3:23-cv-00670 |

## JOINT RULE 26 DISCOVERY REPORT

Plaintiff Alex Riemenapp ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate" and with Plaintiff, the "Parties") hereby jointly submit this Joint Rule 26 Discovery Report pursuant to Federal Rule of Civil Procedure 26(f), the Court's December 15, 2023 Order re Telephone Pretrial Conference, and Magistrate Judge Stephen L. Crocker's Standing Order Governing Preliminary Pretrial Conferences:

1. Nature of the Case

Plaintiff brings one claim pursuant to 47 C.F.R. § 64.1200(c)(2) (a regulation based on 47 U.S.C. § 227(c)) alleging that Allstate placed calls to his cellular telephone while it was registered on the National Do-Not-Call Registry without Plaintiff's consent. Plaintiff asserts this claim on behalf of himself and a putative class of comprised of:

> All individuals in the United States (1) to whom Allstate, or a third party acting on Allstate's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market Defendant's products; (5) without the individual's prior express written consent; (6) within four

years preceding the date of the original complaint and through the date of class certification.

(Compl. ¶ 35.)

Allstate denies any and all liability to Plaintiff or the class and asserts numerous defenses in this action, including but not limited to, that Plaintiff cannot state a claim, Plaintiff consented to the phone calls, or that Allstate is not liable for such calls even if they were made. (Dkt. # 15.) Even if Plaintiff could establish an individual claim (which he cannot), Plaintiff's claims cannot be adjudicated on a class basis under any provision or subsection of Federal Rule of Civil Procedure 23. In particular and even without conducting class discovery, it is apparent that Plaintiff's Complaint asserts a fail-safe class that cannot be certified, and Plaintiff's claims raise individualized issues concerning consent that will predominate over any possible common questions of law and fact.

2. Related Cases

The Parties are not aware of any related cases.

3. Material Factual and Legal Issues to be Resolved at Trial

The case raises the following factual and legal issues, among others:

- Whether or not Allstate engaged in any conduct that could give rise to a claim under 47 C.F.R. § 64.1200(c)(2) (a regulation based on 47 U.S.C. § 227(c));
- Whether or not the alleged calls were made;
- Whether or not Allstate's defenses defeat Plaintiff's or the putative class members' claims;
- Whether or not the Proposed Class can be certified pursuant to Federal Rule of Civil Procedure 23;
- Whether or not Plaintiff and the other members of the Proposed Class were injured by Defendants' conduct and, if so, the appropriate measure of damages; and

- Whether or not Plaintiff and the other members of the Proposed Class are entitled to, among other things, injunctive relief, and if so, the nature and extent of such injunctive relief.

4. Amendments to the Pleadings

The Parties do not anticipate any amendments to the pleadings at this time. However, should discovery or investigation reveal matters which require amendment to the pleadings, the Parties reserve the right to move for leave to amend.

5. Identity of Parties to be Added

The Parties do not anticipate additional parties will be added. However, should discovery or investigation reveal matters which require the addition of parties, the Parties reserve their right to move for leave to do so.

6. Estimated Length of Trial

Allstate estimates a trial length of 30 days if a class is certified and 3 days if a class is not certified. Plaintiff estimates a trial length of 7 days if a class is certified and 2 days if a class is not certified.

7. Any Other Matters Affecting Determination of the Case and Scheduling

The Parties are currently engaged in early settlement discussions. The Parties request a schedule that permits the Parties to explore settlement before significant resources are spent on discovery and disclosure in this matter.

8. Consent to Magistrate Judge Jurisdiction

The Parties do not consent to a Magistrate Judge for all purposes.

9. Discovery Plan

    a. Service of Discovery

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), the Parties agree to receive by email transmission all items that are required to be served under Federal Rule of Civil Procedure 5(a) and that are not filed with the Court. Such electronic transmission will constitute service, and any right to service by USPS mail is waived.

    b. Timing, Form, and Requirement of Initial Disclosures Under Rule 26(a) [Fed. R. Civ. Proc. 26(f)(3)(A)

The Parties agree that initial disclosures will be due sixty days after the preliminary pretrial conference with the Court.

    c. Subjects on Which Discovery May be Needed, When Discovery Should be Completed, Whether Discovery Should be Phased or Limited [Fed. R. Civ. Proc. 26(f)(3)(B)]

The Parties propose that discovery should be phased to have a first period for class discovery, class expert discovery, and fact discovery and a second period for merits expert discovery.

*Plaintiff's Statement Regarding Discovery*

Plaintiff will seek discovery on: (1) the calls at issue; (2) if any third parties placed the calls at issue on behalf of Allstate; (3) whether Allstate had consent to place the calls at issue; (4) whether Allstate scrubbed the National Do-Not-Call Registry prior to making the calls at issue; (5) whether Plaintiff ever requested that Allstate cease the calls at issue; (6) Allstate's policies and procedures to ensure that it does not place calls to numbers on the National Do-Not-Call Registry; (7) the number and identities of the class members.

*Allstate's Statement Regarding Discovery*

Allstate will seek discovery as to the factual basis for Plaintiff's claims in the Complaint.

4

Allstate will also seek discovery as to Plaintiff's ability to satisfy the requirements of Federal Rule of Civil Procedure 23, as well as all documents and information relating to, among other things, Plaintiff's and absent class members' consent to receiving calls, documents and information regarding Plaintiff's and absent class members' interactions and communications with Defendants, all communications with Defendants and third parties relating to Plaintiff's claims, and information about and potential inspection of the devices Plaintiff and absent class members used to communicate with Allstate. Allstate expressly reserves the right to seek discovery on additional topics not specified in this statement.

d. Issues About Disclosure, Discovery, or Preservation of ESI [Fed. R. Civ. Proc. 26(f)(3)(C)]

The Parties have agreed to take reasonable and proportionate steps to preserve evidence relevant to the issues in this action. The Parties do not anticipate issues with electronically stored information at this time. However, the Parties commit to work together to agree upon an appropriate format for the production of ESI.

e. Issues re Privilege and Fed. R. of Evid. 502 [Fed. R. Civ. Proc. 26(f)(3)(D)]

The Parties do not anticipate any issues relating to claims of privilege or protection as to trial-preparation material. The Parties agree to meet and confer regarding the appropriate scope, content, and form for the privilege log. The Parties agree that attorney-client privileged and/or work product communications after the date that the Complaint was filed do not need to be logged. The Parties will comply with Federal Rule of Civil Procedure 26(b)(5) with regard to inadvertent disclosures.

f. Changes re Limitations on Discovery [Fed. R. Civ. Proc. 26(f)(3)(E)]

The Parties do not anticipate any changes related to the limitations on discovery, but reserve the right to change such limitations by stipulation or by motion if such changes become necessary

5

during discovery.

      g.   Orders under Federal Rules of Civil Procedure 26(c), 16(b), or 16(c) [Fed. R. Civ. Proc. 26(f)(3)(F)]

The Parties agree to negotiate and enter a stipulated protective order setting forth the procedures for treatment of confidential information. Other than a protective order, the Parties do not currently request any additional order under Rule 26(c) or Rule 16(b)-(c).

10. Discovery and Law and Motion Schedule

The Parties anticipate serving written discovery and conducting oral depositions. The Parties do not anticipate modification of the discovery rules except as stated above and below. However, the Parties reserve the right to seek additional modifications of the discovery rules by stipulation or motion if such modification becomes necessary during discovery.

The Parties currently anticipate the following future motions: a motion for class certification, motions for summary judgment and/or summary adjudication, *Daubert* motions as to class certification and merits experts, motions *in limine*, and possible motions regarding the scope of discovery.

The Parties propose the following discovery and law and motion schedule:

| Event | Proposed Date |
|---|---|
| Deadline for class certification expert reports | October 24, 2024 |
| Deadline for class certification expert rebuttal reports | November 21, 2024 |
| Class certification expert deposition period | December 2, 2024-January 13, 2025 |
| Deadline for *Daubert* motions to class certification experts | January 23, 2025 |
| Oppositions to *Daubert* motions due | February 13, 2025 |
| Replies in support of *Daubert* motions due | February 27, 2025 |

| Event | Proposed Date |
|---|---|
| Deadline for motion for class certification | March 13, 2025 |
| Opposition to class certification due | April 10, 2025 |
| Reply in support of class certification due | April 24, 2025 |
| Last day to serve requests for production | May 8, 2025 |
| Last day to serve interrogatories | May 8, 2025 |
| Last day to serve requests for admission | May 8, 2025 |
| Last day to conduct party depositions | June 12, 2025 |
| Last day to conduct third party depositions | June 12, 2025 |
| Fact discovery closes | July 3, 2025 |
| Deadline for merits expert reports | July 18, 2025 |
| Deadline for merits expert rebuttal reports | August 8, 2025 |
| Merits expert deposition period | August 15, 2025-September 12, 2025 |
| Deadline for filing dispositive motions | September 19, 2025 |
| Oppositions to dispositive motions due | October 17, 2025 |
| Replies in support of dispositive motions due | November 7, 2025 |
| Deadline for *Daubert* motions to merits experts | November 19, 2025 |
| Oppositions to *Daubert* motions to merits experts due | December 8, 2025 |
| Replies in support of *Daubert* motions to merits experts due | December 23, 2025 |
| Settlement conference completion date | September 1, 2025 |
| Deadline for motions *in limine* | January 12, 2026 |
| Oppositions to motions *in limine* | February 2, 2026 |
| Replies in support of motions *in limine* | February 16, 2026 |
| Pre-trial conference | As set by Court |
| Trial | February 23, 2026 |

Dated: January 12, 2024

Respectfully submitted,
Defendant,
Allstate Insurance Company

By: */s/ Margaret E. Dayton*
Margaret E. Dayton
WINSTON & STRAWN LLP
333 S. Grand Ave.
Los Angeles, California 90071
Phone: 213-615-1700
Fax: 213-615-1750
pedayton@winston.com

Angela A. Smedley
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Phone: 212-294-6700
Fax: 212-294-4700
asmedley@winston.com

Christopher M. Parker
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, Illinois 60601
Phone: 312-558-5600
Fax: 312-558-5700
cparker@winston.com

*Attorneys for Defendant*
*Allstate Insurance Company*

Dated: January 12, 2024

Respectfully submitted,
Plaintiff,
Alex Riemenapp

By: */s/ Mohammed O. Badwan*
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2024, I filed the foregoing document using the CM/ECF system and caused it to be served on counsel of record for Plaintiff Alex Riemenapp.

Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com

*Attorneys for Plaintiff*
 *Alex Riemenapp*

                                                  By: */s/ Margaret E. Dayton*
                                                  Margaret E. Dayton
                                                  WINSTON & STRAWN LLP
                                                  333 S. Grand Ave.
                                                  Los Angeles, California 90071
                                                  Phone: 213-615-1700
                                                  Fax: 213-615-1750
                                                  pedayton@winston.com